NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-128

CAJUN AC AND HEATING, LLC

VERSUS

MIRUS LAKE CHARLES, LLC

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2023-1964
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

**CANDYCE G. PERRET**

**JUDGE**

**********

Court composed of Candyce G. Perret, Jonathan W. Perry and Ledricka J. Thierry, Judges.

**MOTION TO SUPPLEMENT RECORD DENIED.
MOTION TO SUSPEND BRIEFING DENIED.**

**Richard J. Tyler**
**Graham H. Ryan**
**Jones Walker LLP**
**201 St. Charles Avenue, 49th Floor**
**New Orleans, LA 70170**
**(504) 582-8370**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Mirus Lake Charles, LLC**

**Cody J. Vidrine**
**Billy E. Loftin, Jr.**
**Loftin Law Group, LLC**
**113 Dr. Michael DeBakey Drive**
**Lake Charles, LA 70601**
**(337) 310-4300**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Cajun AC and Heating, LLC**

**PERRET, Judge.**

On April 26, 2024, Plaintiff-Appellee, Cajun AC and Heating, LLC, filed a Motion to Supplement Record and a Motion to Suspend Briefing. Defendant-Appellant, Mirus Lake Charles, LLC, has responded with an opposition to both motions. For the reasons set forth herein, we deny the motions.

In this matter, on September 29, 2023, the trial court granted a Partial Default Judgment in favor of Appellee, finding Appellant liable to Appellee for $171,849.00, $4,000.00 in attorney's fees, plus legal interest from the date of judicial demand, and all costs of these proceedings. Appellant filed a Motion for Appeal on November 29, 2023, seeking a devolutive appeal. The motion was granted, and the appeal was lodged in this court on March 14, 2024.

In Appellee's Motion to Supplement Record, it asserts that the record prepared failed to include Appellee's memorandum in opposition to Appellant's motion for appeal filed in the lower court on January 18, 2024, and the exhibits attached thereto. Appellee's Motion to Suspend Briefing was filed contemporaneously with the motion to supplement, seeking to suspend briefing until fifteen days after the record has been supplemented.

Appellant filed an opposition to Appellee's motion to supplement the record and motion to suspend briefing, stating that three days before Appellee's briefing deadline, it filed these motions. Appellant asserts that Uniform Rules, Courts of Appeal, Rule 2-1.11, allows a party to move to supplement the record "upon showing that the items are material to a decision in the case." Appellant adds that this rule prevents parties from using a motion to supplement as a dilatory tactic. Appellant contends that Appellee's motion provides no argument whatsoever in support of the motion.

Appellant, on the other hand, argues that the documents which Appellee's motion to supplement seeks to include, conflates a suspensive appeal with a devolutive appeal, citing the requirements to perfect a suspensive appeal when Appellant sought a devolutive appeal. Appellant maintains that the proposed supplement is not material to a decision in this case and that Appellee has failed to make the requisite showing that "the items are material to a decision in the case." Lastly, Appellant contends that on April 26, 2024, after learning its motion to supplement the record and to suspend briefing were opposed, Appellee filed a motion for an extension of time in which to file its brief, requesting an additional fourteen days. Appellant states that it was not consulted about this filing but would have gladly consented to an additional fourteen days in lieu of an "immaterial supplementation" and "unwarranted suspension" of briefing. Appellant notes that the motion for extension does not cite good cause but references only the pending motion. Appellant, nonetheless, does not object to Appellee's request for an additional fourteen days to file its brief.

We find that Appellee's motion to supplement the record does not comply with the requirements of Uniform Rules, Courts of Appeal, Rule 2-1.11, in that it fails to show that the documents it wishes to include in the record are material to a decision in the case. Accordingly, we hereby deny Appellee's motion to supplement the record and the motion to suspend briefing.

**MOTION TO SUPPLEMENT RECORD DENIED. MOTION TO SUSPEND BRIEFING DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.